**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SHENZHEN AJI FASHION TECHNOLOGY CO. LTD.,**<br><br>Plaintiff,<br><br>v.<br><br>**WHALECO, INC. et al.**<br><br>Defendants. | **CIVIL ACTION NO. 1:23-cv-14043**<br><br>Judge: Hon. Nancy L. Maldonado<br><br>Magistrate Judge: Hon. Gabriel A. Fuentes |

**DEFENDANT WHALECO, INC.'S MEMORANDUM IN SUPPORT OF
<u>OPPOSED MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §§ 1404(a) AND 1406(a)</u>**

## TABLE OF CONTENTS

I.     INTRODUCTION .................................................................................................1

II.    STATEMENT OF FACTS ....................................................................................1

    A.    Plaintiff and Its Witnesses Are Abroad, Likely in China ................................2

    B.    Whaleco Is Based in Massachusetts ...............................................................2

    C.    Knowledgeable Whaleco Witnesses Are in Massachusetts or China................3

III.   LEGAL STANDARD............................................................................................3

    A.    Transfer Pursuant to 28 U.S.C. § 1406(a)......................................................3

    B.    Transfer Pursuant to 28 U.S.C. § 1404(a)......................................................4

IV.   ARGUMENT .......................................................................................................4

    A.    This Case Should Have Been Filed in D. Mass. ...............................................4

        1.    Whaleco Is Not "At Home" in Illinois................................................4

        2.    Whaleco's Conduct Does Not Sufficiently Connect It to Illinois...........5

            a.    Whaleco Does Not Purposefully Direct Activities at Illinois.....5

            b.    Whaleco's Relevant Conduct Does Not Occur in Illinois .........6

            c.    Jurisdiction Would Not Be Fair ................................................6

    B.    D. Mass. Is the More Convenient Forum .........................................................7

        1.    This Case Could Have Been Filed in D. Mass. ...................................7

        2.    The Convenience of the Parties and Witnesses Favors Transfer............7

            a.    Plaintiff's Choice of Forum Should Be Given Less Weight.......8

            b.    The Situs of Material Events Is in Boston—Within the D. Mass. ....................................................................................................9

            c.    The Relative Ease of Access to Sources of Proof Slightly Favors Transfer ....................................................................10

            d.    The Attendance of Willing Witnesses Strongly Favors Transfer ....................................................................................................11

            e.    The Convenience to the Parties of Litigating in the Respective Forums Favors Transfer.....................................................12

        3.    The Public Interest Factors Favor Transfer to D. Mass. ......................13

            a.    Less Congestion in D. Mass. Favors Transfer .........................13

            b.    The Local and Community Interests in Resolving the Controversies Favor Transfer ................................................14

            c.    Familiarity With Governing Law Is Neutral............................15

V.    CONCLUSION...................................................................................................15

# **TABLE OF AUTHORITIES**

**Page(s)**

## CASES

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014) ..................................................................................................................4, 6

*Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871 (N.D. Ill. 1999)........15

*BMN Entm't, LLC v. Je'Caryous Johnson Entm't LLC*, No. 22 C 03741, 2022 U.S. Dist. LEXIS 161186 (N.D. Ill. Sep. 7, 2022)..................................................................................5

*Bodum USA, Inc. v. Williams-Sonoma, Inc.*, No. 16 C 981, 2016 U.S. Dist. LEXIS 72352 (N.D. Ill. June 3, 2016) ..............................................................................................8

*Braddock v. Jolie*, No. 11-cv-8597, 2012 U.S. Dist. LEXIS 83598 (N.D. Ill. June 15, 2012) ............................................................................................................13, 15

*Brook v. McCormley*, 873 F.3d 549 (7th Cir. 2017) ......................................................4

*Coffey v. Van Dorn Iron Works*, 796 F.2d 217 (7th Cir. 1986) ....................................4

*Corp. Safe Specialists, Inc. v. Tidel Techs., Inc.*, No. 05 C 3421, 2005 U.S. Dist. LEXIS 15505 (N.D. Ill. July 28, 2005)...............................................................................8

*Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 U.S. Dist. LEXIS 207072 (N.D. Ill. Dec. 2, 2019) ...........................................................................................14

*George & Co. Ltd. Liab. Co. v. Target Corp.*, No. 20 C 6219, 2021 U.S. Dist. LEXIS 131423 (N.D. Ill. July 14, 2021)...................................................................................4, 11

*H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627 (N.D. Ill. 1997) ............................................................................................................11, 15

*Hanover Ins. Co. v. N. Bldg., Co.*, 891 F. Supp. 2d 1019 (N.D. Ill. 2012)......................8

*Hemstreet v. Scan-Optics, Inc.*, No. 89 C 5937, 1990 U.S. Dist. LEXIS 2609 (N.D. Ill. Mar. 8, 1990) ...............................................................................................................12

*Inst. for Human Potential, Inc. v. Dr. John T. McDonald Found., Inc.*, No. 00 C 6272, 2001 WL 709458 (N.D. Ill. 2001)..................................................................................8

*LimitNone, L.L.C. (In re)*, 551 F.3d 572 (7th Cir. 2008) .............................................4

*Martino v. Orchard Enters.*, No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687 (N.D. Ill. Oct. 27, 2020) ..............................................................................................................4, 5, 7

ii

*Matlin v. Spin Master Corp.*, 921 F.3d 701 (7th Cir. 2019) .......................................................6

*Mgmt. Registry v. Batinich*, No. 17 C 8834, 2018 U.S. Dist. LEXIS 55590 (N.D. Ill. Apr. 2, 2018) ..................................................................................................................................11

*Nintendo Co. (In re)*, 589 F.3d 1194 (Fed. Cir. 2009)..........................................................7, 11

*Oplus Techs. v. Sears Holding Corp.*, No. 11-cv-8539, 2012 U.S. Dist. LEXIS 83597 (N.D. Ill. June 15, 2012) .............................................................................................................14

*Philpot v. Eagle Communs., Inc.*, No. 1:14-cv-01984-RLY-TAB, 2015 U.S. Dist. LEXIS 88367 (S.D. Ind. July 8, 2015).......................................................................................................3, 4

*Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 U.S. Dist. LEXIS 75318 (N.D. Ill. May 17, 2017) .......................................................................................15

*Richardson v. Kharbouch*, No. 19 C 02321, 2020 U.S. Dist. LEXIS 52153 (N.D. Ill. Mar. 25, 2020) ...................................................................................................................................5

*Riseandshine Corp. v. Pepsico, Inc.*, No. 21 C 3198, 2021 U.S. Dist. LEXIS 255770 (N.D. Ill. July 22, 2021)...................................................................................................................9

*Rudd v. Lux Prods. Corp.*, Civil Action No. 09-cv-6957, 2011 U.S. Dist. LEXIS 4804 (N.D. Ill. Jan. 12, 2011) ...............................................................................................................11

*Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 1:20-cv-04627, 2021 U.S. Dist. LEXIS 41652 (N.D. Ill. Mar. 5, 2021)...................................................................................................................7

*Seven Oaks Millwork Inc. v. Royal Foam US, LLC*, No. 19 C 6234, 2019 U.S. Dist. LEXIS 214721 (N.D. Ill. Dec. 13, 2019) .....................................................................................5

*Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, No. 09 C 2123, 2011 U.S. Dist. LEXIS 38852 (N.D. Ill. Apr. 11, 2011) .................................................................................................10

*Timebase Pty Ltd. v. Thomson Corp.*, No. 07 C 460, 2007 U.S. Dist. LEXIS 17093 (N.D. Ill. Mar. 9, 2007)...................................................................................................................12

*uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421 (7th Cir. 2010)................................................5

*Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185 (N.D. Ill. 1995) ..................13

*Weber-Stephen Prods., LLC v. Char-Broil, LLC*, No. 16 C 4483, 2016 U.S. Dist. LEXIS 140173 (N.D. Ill. Oct. 5, 2016).......................................................................................9, 13, 14

*Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926 (N.D. Ill. 2017)...............................8, 10, 13, 15

## STATUTES AND RULES

28 U.S.C. § 1400(a) ...........................................................................................................1, 3, 4

28 U.S.C. § 1404(a) .................................................................................................4, 7

28 U.S.C. § 1406(a) ....................................................................................................3

## MISCELLANEOUS

United States Courts, Comparison of Districts (June 30, 2022),
    https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison0630.2022_0.pdf........14

Westlaw Edge Docket Analytics, *United States District Court, D. Massachusetts*,
    https://1.next.westlaw.com/Analytics/ (last visited Oct. 31, 2023) ........................................14

Westlaw Edge Docket Analytics, *United States District Court, N.D. Illinois*,
    https://1.next.westlaw.com/Analytics/ (last visited Oct. 31, 2023) ........................................14

## I.    INTRODUCTION

This case involves the allegedly infringing activities of third-party sellers (all based in China) on Whaleco's e-commerce marketplace, Temu.  Whaleco was founded in Boston, Massachusetts in 2022 and launched Temu that same year.  Temu is a marketplace platform that allows third-party sellers to list and sell their products to consumers throughout the U.S.  Neither Whaleco nor the allegations in the case have any direct ties to Illinois or the Northern District of Illinois ("District").   Rather, Whaleco's principal place of business in Massachusetts, and Plaintiff's claims of copyright infringement in violation of the Copyright Act demonstrate that this case should have and could have been brought in the United States District Court for the District of Massachusetts ("D. Mass.").  Venue in a copyright action is appropriate "in the district in which the defendant or its agent resides or may be found."  28 U.S.C. § 1400(a).  As Whaleco is headquartered in Boston, Massachusetts, this case should be transferred to D. Mass.

Massachusetts is also the more convenient forum.  The majority of Whaleco's U.S.-based employees are based in Massachusetts, including those with information potentially relevant to the claims in this case.  And some of the Whaleco witnesses with knowledge are located in China. None of the witnesses or documents are located in Illinois.  Similarly, Plaintiff is not located in Illinois, but is based in China.  As this District is neither the proper nor the more convenient forum, this case should be transferred to D. Mass.

## II.    STATEMENT OF FACTS

On September 24, 2023, Plaintiff Shenzhen Aji Fashion Technology Co. Ltd. ("Plaintiff") filed its Complaint against Whaleco and third-party defendants OYIJIA, ALUBO, Necoo, and OversizeLAPA ("Third-Party Defendants"), alleging trademark infringement, copyright infringement, and unfair trade practices.  ECF No. 1.  Plaintiff's Complaint alleges that Whaleco operates "a product sales operation on the Temu.com marketplace" on which the Third-Party

Defendants have posted product listings featuring images that use Plaintiff's alleged copyrights and the ROSEGAL trademark ("Plaintiff's Mark"). *See, e.g., id.* ¶¶ 3, 31-38. As detailed below, Whaleco and its relevant U.S. witnesses and sources of proof are located outside of this District, with the majority of witnesses located in D. Mass. or in China.

### A.   Plaintiff and Its Witnesses Are Abroad, Likely in China

Plaintiff does not reside in this District or in Illinois. Rather, Plaintiff pleads it is "a Chinese business operating through its retail e-commerce website Rosegal.com." ECF No. 1 ¶ 2. Plaintiff further pleads it "is the owner of all rights, title and interest in and to" Plaintiff's Mark through "assignments *in toto.*" *Id.* ¶¶ 13, 15. The trademark registration for Plaintiff's Mark lists Shenzhen Alice E-Commerce Co., Ltd., a Chinese limited company based in Guangdong, China, as the registrant of Plaintiff's Mark. ECF No. 1-1, Ex. 1. Shenzhen Alice E-Commerce Co., Ltd. assigned all interest and goodwill in Plaintiff's Mark to Plaintiff in December 2022. *Id.* Thus, neither the registrant, nor the owner of Plaintiff's Mark have ties to this District. Additionally, Plaintiff pleads that the "copyrights in Plaintiff Works are enforceable in the United States under the Berne Convention for the Protection of Literary and Artistic Works." ECF No. 1 ¶ 25. Although the Complaint fails to attach a copy of Plaintiff's asserted foreign copyrights, omitting any and all detail about the works, it is highly likely that relevant information about and witnesses familiar with the asserted copyrighted works are located abroad. Thus, Plaintiff does not appear to have any witnesses in this District.

### B.   Whaleco Is Based in Massachusetts

Whaleco was founded in Boston, Massachusetts in 2022 and operates the Temu e-commerce marketplace. Declaration of Christine Casaceli ("Casaceli Decl.") ¶¶ 3-4. Whaleco is a Delaware corporation with its principal place of business in Boston, Massachusetts. *Id.* ¶ 3. Whaleco's Boston headquarters serve as the functional locus of the U.S. operation of the Temu

marketplace. *Id*. ¶ 4. All of Whaleco's U.S.-based employees responsible for intellectual property disputes are located within Massachusetts. *Id.* ¶ 6. None of them are located in Illinois. *Id*. Further, Whaleco's Designated Agent to receive DMCA notifications is located in Massachusetts. *Id.* ¶ 8. As a result, D. Mass. is the proper venue and far more convenient for the knowledgeable likely witnesses.

Plaintiff's Complaint alleges that through the operation of Temu, Whaleco and the Third-Party Defendants infringed Plaintiff's Mark and copyrighted works. ECF No. 1. The teams responsible for the operation of the Temu marketplace are located either in Massachusetts or China. Casaceli Decl. ¶¶ 6-7. For example, U.S.-based witnesses who have knowledge of Whaleco's intellectual property policies and disputes are located in Boston. *Id*. ¶ 6. Whaleco's teams responsible for managing relationships with third-party Chinese sellers (like the Third-Party Defendants) are located primarily in China. *Id*. ¶ 7. None are located in Illinois. *Id*. ¶ 11.

### C. Knowledgeable Whaleco Witnesses Are in Massachusetts or China

Whaleco's witnesses with relevant knowledge about the claims in this case are likely to be located either in Massachusetts or China. *See, e.g.*, Casaceli Decl. ¶¶ 6-7. These individuals have knowledge of the Temu marketplace, infringement notices and takedown procedures, and seller practices and policies. *See id*. None of the Whaleco witnesses are located in Illinois. *Id*. ¶ 11.

## III. LEGAL STANDARD

### A. Transfer Pursuant to 28 U.S.C. § 1406(a)

A district court may transfer a case "laying venue in the wrong division or district" "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The federal venue statute for copyright cases states that suits "relating to copyrights . . . may be instituted in the district in which the defendant or his agent resides." *Philpot v. Eagle Communs., Inc*., No. 1:14-cv-01984-RLY-TAB, 2015 U.S. Dist. LEXIS 88367, at *10 (S.D. Ind. July 8, 2015) (quoting 28

3

U.S.C. § 1400(a)). "The Seventh Circuit has interpreted § 1400(a) as finding venue for copyright cases to be proper only where personal jurisdiction is proper." *Id*. (citing *In re LimitNone, L.L.C.*, 551 F.3d 572, 575 n.1 (7th Cir. 2008)).

### B. Transfer Pursuant to 28 U.S.C. § 1404(a)

Transfer for convenience is governed by 28 U.S.C. § 1404(a), which requires weighing both the convenience of the parties and public-interest considerations to determine whether the transferee forum is "clearly more convenient." *George & Co. Ltd. Liab. Co. v. Target Corp.*, No. 20 C 6219, 2021 U.S. Dist. LEXIS 131423, at *2 (N.D. Ill. July 14, 2021) (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)). This weighing "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.*

## IV. ARGUMENT

### A. This Case Should Have Been Filed in D. Mass.

Venue for copyright actions is proper only where personal jurisdiction is proper. *Philpot*, 2015 U.S. Dist. LEXIS 88367, at *10. Personal jurisdiction may be general or specific. *Martino v. Orchard Enters.*, No. 20 C 2267, 2020 U.S. Dist. LEXIS 199687, at *8 (N.D. Ill. Oct. 27, 2020). General personal jurisdiction is only proper "in the limited number of fora in which the defendant can be said to be 'at home.'" *Id*. (quoting *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc*., 751 F.3d 796, 800 (7th Cir. 2014)). "For a court to exercise specific personal jurisdiction over a non-resident defendant, the defendant's contacts with the forum state must be 'directly related to the conduct pertaining to the claims asserted.'" *Id*. (quoting *Brook v. McCormley*, 873 F.3d 549, 552 (7th Cir. 2017)). This Court does not have personal jurisdiction over Whaleco.

#### 1. Whaleco Is Not "At Home" in Illinois

Where a defendant (1) is not incorporated in the forum, (2) does not maintain its principal

place of business in the forum, and (3) has only limited contact with the forum, the defendant is not "at home" in the forum and the court may not exercise general jurisdiction over the defendant. *Id*., at *9 (citing *uBID, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 426 (7th Cir. 2010)). Whaleco is a Delaware corporation with its regular and established place of business in Boston, Massachusetts. Casaceli Decl. ¶ 3. Plaintiff's allegations of a single infringing sale in Illinois and Whaleco's operation of a nationwide online marketplace (*see* ECF No. 1) are insufficient to establish systematic and continuous contacts with Illinois sufficient to make Whaleco functionally at home here. *Martino*, 2020 U.S. Dist. LEXIS 199687, at *8 (relationship with two music stores who sold plaintiff's music insufficient to create general jurisdiction where defendants are not incorporated and do not maintain their principal place of business in Illinois).

### 2. Whaleco's Conduct Does Not Sufficiently Connect It to Illinois

To make out a prima facie case of specific jurisdiction, a plaintiff must adequately allege three elements: (1) the defendant purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. *Richardson v. Kharbouch*, No. 19 C 02321, 2020 U.S. Dist. LEXIS 52153, at *8 (N.D. Ill. Mar. 25, 2020).

### a. Whaleco Does Not Purposefully Direct Activities at Illinois

Purposeful direction of activities at the state requires something "[b]eyond simply operating an interactive website that is accessible from the forum state." *BMN Entm't, LLC v. Je'Caryous Johnson Entm't LLC*, No. 22 C 03741, 2022 U.S. Dist. LEXIS 161186, at *14 (N.D. Ill. Sep. 7, 2022). Additionally, a single sale in a forum does not justify the exercise of specific jurisdiction over a defendant, even when the defendant knows or reasonably should know its nationwide distribution system might lead to products being sold in any state. *Seven Oaks*

*Millwork Inc. v. Royal Foam US, LLC*, No. 19 C 6234, 2019 U.S. Dist. LEXIS 214721, at *10 (N.D. Ill. Dec. 13, 2019). Plaintiff's allegations that Whaleco "shipped at least one Infringing Product" and "operates a commercial, fully interactive online marketplace" on which Illinois residents can purchase product (*see* ECF. No. 1 ¶ 10) fail to sufficiently allege that Whaleco has purposefully availed itself of the privilege of doing business in Illinois.

### b. Whaleco's Relevant Conduct Does Not Occur in Illinois

"Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). The Plaintiff cannot be the only link between the defendant and the forum. *Id*. at 802. Plaintiff's Complaint alleges that "Defendants shipped at least one Infringing Product to residents of Illinois." ECF No. 1 ¶ 10. Plaintiff does not provide any additional information regarding this sale, the customer, or the work it is alleged to have infringed. Indeed, without more, it is plausible to infer that Plaintiff's counsel facilitated this sale, which is an insufficient basis for exercising personal jurisdiction. *See Matlin v. Spin Master Corp.*, 921 F.3d 701, 706 (7th Cir. 2019) (finding "a single incident conjured up by the plaintiffs' attorney" insufficient as a basis for exercising personal jurisdiction.). And, as discussed above in Section IV.A.2.a, the operation of a website that is accessible in the forum is likewise insufficient to create personal jurisdiction. Therefore, the litigation-specific conduct did not occur in Illinois, and Plaintiff's injury does not arise from conduct in Illinois.

### c. Jurisdiction Would Not Be Fair

In determining whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice, courts consider: "(1) the burden on the defendant, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective

relief, (4) the interstate judicial system's interest in obtaining efficient resolution of the dispute, and (5) the shared interest of the states in furthering fundamental social policies." *Martino*, 2020 U.S. Dist. LEXIS 199687, at \*17. These factors carry more weight when a defendant's forum-related contacts are relatively weak. *Id*. Where, as here, Whaleco has almost zero contact with Illinois and resides in Massachusetts, Whaleco does not specifically target Illinois customers, and Plaintiff is not a resident of the forum, Illinois's interest does not outweigh the interest of the proper forum, D. Mass., and this case should be transferred. *Id*.

**B.  D. Mass. Is the More Convenient Forum**

Courts in this District use a three-part test in assessing whether to transfer a case under § 1404(a). *Sanderling Mgmt. Ltd. v. Snap Inc.*, No. 1:20-cv-04627, 2021 U.S. Dist. LEXIS 41652, at \*5 (N.D. Ill. Mar. 5, 2021). The Court will grant the transfer if: (1) venue is proper in both this Court and the transferee court; (2) transfer is more convenient for the parties and witnesses; and (3) transfer serves the interest of justice. *Id*. Where "most witnesses and evidence [are] closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant [] transfer." *Id*. at \*17 (citing *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)).

**1.  This Case Could Have Been Filed in D. Mass.**

As demonstrated above, Plaintiff could have filed this case in the District of Massachusetts. As Whaleco's regular and established place of business is in Boston, Massachusetts, this case could have been brought in D. Mass. Casaceli Decl. ¶ 3.

**2.  The Convenience of the Parties and Witnesses Favors Transfer**

The convenience of the parties and witnesses favors transfer. In evaluating the convenience of the parties and witnesses, courts weigh: "(1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; (4) the convenience

of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017) (quoting *Hanover Ins. Co. v. N. Bldg., Co.*, 891 F. Supp. 2d 1019, 1025 (N.D. Ill. 2012)). These "private interest" factors favor transfer to D. Mass. because all of the relevant U.S.-based witnesses and evidence relevant to this case are located there, and not in this District.

### a.    Plaintiff's Choice of Forum Should Be Given Less Weight

In general, the plaintiff's choice of forum is given significant weight when it is the plaintiff's home forum. *See Corp. Safe Specialists, Inc. v. Tidel Techs., Inc.*, No. 05 C 3421, 2005 U.S. Dist. LEXIS 15505, at *4 (N.D. Ill. July 28, 2005) (citing *Inst. for Human Potential, Inc. v. Dr. John T. McDonald Found., Inc.*, No. 00 C 6272, 2001 WL 709458 at *2 (N.D. Ill. 2001)). But less deference is warranted where, like here, plaintiff's chosen forum is not the plaintiff's home forum and "lacks any significant contact with the underlying cause of action." *Weis,* 296 F. Supp. 3d at 930. Further, allegations of infringing sales within the district are insufficient on their own to establish a substantial connection to the forum where, like here, the allegedly infringing goods are offered for sale nationwide. *Bodum USA, Inc. v. Williams-Sonoma, Inc.*, No. 16 C 981, 2016 U.S. Dist. LEXIS 72352, at *1, *3-4 (N.D. Ill. June 3, 2016) (attributing less weight to plaintiff's chosen Illinois forum in trademark infringement and unfair competition action where the sole basis for plaintiff's choice was speculation that online sales were made to Illinois residents).

Plaintiff is located in China. ECF No. 1 ¶ 2. Plaintiff has no known connections to Illinois apart from its litigation counsel in this case. Further, Plaintiff alleges that "Defendants shipped at least one Infringing Product to residents of Illinois", "operate a commercial, fully-interactive online marketplace through which residents of Illinois and this Judicial District can purchase products", and "targeted sales from residents of Illinois and this Judicial District by selling the

Infringing Product directly on its marketplace and offers shipping to addresses within Illinois and this Judicial District." *Id*. ¶ 10. These generalized assertions are insufficient to connect the claims to this District, and Plaintiff's choice should be given less weight.

First, Plaintiff impermissibly lumps all Defendants and their activities. Whaleco's Temu marketplace operates nationwide and is accessible to consumers throughout the United States. Casaceli Decl. ¶ 5. Whaleco does not sell any products (in this District or anywhere). *Id*. The allegedly infringing products are sold by the Third-Party Defendants, all of which are believed to be located in China. *Id*. ¶ 12. Second, the Third-Party Defendants offered the products for sale nationwide and available to ship anywhere in the U.S. *Id*. Accordingly, Plaintiff's allegations are insufficient to establish a substantial connection between this District and the underlying cause of action. *See Weber-Stephen Prods., LLC v. Char-Broil, LLC*, No. 16 C 4483, 2016 U.S. Dist. LEXIS 140173, at *9 (N.D. Ill. Oct. 5, 2016) (finding connection to forum weak and attributing less weight to plaintiff's forum choice where "the accused product is sold nationwide, so the alleged infringement is occurring in several fora across the country.").

### b. The Situs of Material Events Is in Boston—Within the D. Mass.

Courts have recognized that the location of the alleged infringer's principal place of business is often the critical and controlling consideration within this element because trademark and copyright infringement actions "focus on the activities of the alleged infringer, its employees, and its documents." *Riseandshine Corp. v. Pepsico, Inc*., No. 21 C 3198, 2021 U.S. Dist. LEXIS 255770, at *3 (N.D. Ill. July 22, 2021).

Plaintiff alleges that infringement of Plaintiff's Mark occurred through unauthorized listings for product sold by the Third-Party Defendants on Temu. ECF No. 1 ¶¶ 31-38. Next, Plaintiff alleges that to sell on Temu, the sellers agree to Temu's Terms of Use. *Id*. ¶ 26. Finally,

Plaintiff alleges that "WhaleCo, specifically, failed to expeditiously react [to] remove the infringing versions of Plaintiff Works" from the platform. *Id*. ¶ 80. None of these alleged actions have ties to Illinois.

First, Whaleco's principal place of business is in Boston. Casaceli Decl. ¶ 3. Second, as the Temu's Terms of Use make clear, users may contact Whaleco at the following address: "Suite 355, 31 St. James Avenue Boston, Massachusetts 02116." *Id*. ¶ 9, Ex. B. Third, the teams with knowledge potentially relevant to Plaintiff's claims are located in Massachusetts or China. *Id*. ¶¶ 6-7. For example, U.S.-based witnesses who have knowledge of Whaleco's intellectual property policies and disputes are located in Massachusetts. *Id*. ¶ 6. Whaleco's Designated Agent to receive DMCA notifications is located in Boston. *Id*. ¶ 8, Ex. A. Additionally, the teams responsible for managing relationships with third-party Chinese sellers are located in China. *Id*. ¶ 7. Accordingly, Whaleco's relevant records and information regarding seller relationships and infringement notices received and responded to in the United States, as well as witness who have knowledge and information about these topics, are primarily located in Massachusetts and China. *Id*. ¶¶ 6-10. No such information or witnesses are located in Illinois. *Id*. ¶ 11.

### c. The Relative Ease of Access to Sources of Proof Slightly Favors Transfer

This factor does not typically favor or disfavor transfer where documents are available electronically and can be accessed anywhere. *Sunrise Bidders, Inc. v. GoDaddy Grp., Inc.*, No. 09 C 2123, 2011 U.S. Dist. LEXIS 38852, at *7 (N.D. Ill. Apr. 11, 2011). But infringement cases usually focus on the activities of the alleged infringer and, consequently, the bulk of the relevant evidence usually comes from the alleged infringer. *See Weis*, 296 F. Supp. 3d at 932-933. Therefore, this factor will typically favor transfer to the district in which the defendant's documents are located. *Id*.

As detailed above, the relevant documents, information, and witnesses related to Whaleco's seller relationships, U.S. operations of the Temu marketplace, and infringement policies and procedures are located in Massachusetts and China. *See supra* § IV.B.2.b. Conversely, it is unlikely, based on Plaintiff's location in China, that Plaintiff would have any unique, relevant sources of proof in this District. First, as previously discussed, Plaintiff has no stated presence in this District. Second, Whaleco is not aware of any relevant witnesses with unique knowledge located in, nor any third-party witness who resides in, this District. Finally, Whaleco does not have offices, or relevant witnesses or documents in Illinois, and thus no relevant documents or witnesses exist there. Given that there are numerous sources of proof in D. Mass., and none identified in this District, this factor strongly favors transfer to D. Mass. *Rudd v. Lux Prods. Corp.*, Civil Action No. 09-cv-6957, 2011 U.S. Dist. LEXIS 4804, at *17 (N.D. Ill. Jan. 12, 2011) (quoting *In re Nintendo Co.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009)) ("[I]n a case featuring most witnesses and evidence closer to the transferee venue with few or no convenience factors favoring the venue chosen by the plaintiff, the trial court should grant a motion to transfer.").

### d. The Attendance of Willing Witnesses Strongly Favors Transfer

"The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *George & Co. Ltd. Liab. Co. v. Target Corp.*, No. 20 C 6219, 2021 U.S. Dist. LEXIS 131423, at *10 (N.D. Ill. July 14, 2021) (quoting *Mgmt. Registry v. Batinich*, No. 17 C 8834, 2018 U.S. Dist. LEXIS 55590, at *4 (N.D. Ill. Apr. 2, 2018)). This Court has held that this factor can weigh in favor of transfer where witnesses are not specifically named, particularly where the case is in early stages. *Id.* In assessing this factor, courts focus on the nature and quality of the proposed testimony and its relevance to the case. *See H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997).

As described above, Whaleco's relevant teams and documents are located in Massachusetts and China.  *See supra* § IV.B.2.b; *see also* Casaceli Decl. ¶ 10.  Therefore, Whaleco witnesses will face additional burden and expense if they are required to travel to Chicago in connection with the case, including lost productivity and personal time spent away from family and local community commitments.  *See Hemstreet v. Scan-Optics, Inc.*, No. 89 C 5937, 1990 U.S. Dist. LEXIS 2609, at *11 (N.D. Ill. Mar. 8, 1990) (concern for witness convenience turns on such factors as expense and the potential for missed workdays).  For Whaleco employees located outside the Massachusetts area (e.g., those located in China), being able to work from Whaleco's Boston office and alongside their peers, would alleviate some of this disruption.

Transferring from this District to D. Mass. would not inconvenience Plaintiff or Plaintiff's witnesses any more than litigating the case in this District.  Plaintiff is located in China (*see* ECF No. 1), and Plaintiff's witnesses would necessarily be traveling internationally to litigate the case. Regardless of whether this case proceeds in this District or D. Mass., Plaintiff's witnesses will have to take connecting flights to reach the forum.  Requiring Plaintiff's witnesses to appear in D. Mass. rather than this District is not a significant inconvenience disfavoring transfer.  *See Timebase Pty Ltd. v. Thomson Corp.*, No. 07 C 460, 2007 U.S. Dist. LEXIS 17093, at *5-6 (N.D. Ill. Mar. 9, 2007) (finding the convenience of the witnesses "strongly favors transfer" where each of plaintiff's witnesses will have to travel internationally, regardless of the forum).  Plaintiff's lack of ties to Illinois thus also favors transfer.

Finally, the Third-Party Defendants are also believed to be in China (and not this District) (*see* Casaceli Decl. ¶ 12) and, like Plaintiff, would have to travel to either Chicago or D. Mass.

        **e.**       **The Convenience to the Parties of Litigating in the Respective Forums Favors Transfer**

In evaluating this factor, courts consider the residences and resources of the parties—in essence, their "abilit[y] to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys., Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). Where a plaintiff will have to travel to prosecute the case regardless of where it is brought, the convenience of the parties weighs in favor of transfer. *See Braddock v. Jolie*, No. 11-cv-8597, 2012 U.S. Dist. LEXIS 83598 at *4 (N.D. Ill. June 15, 2012) (convenience of the parties favored transfer where foreign plaintiff "obviously will have to travel internationally to pursue this case regardless of whether it proceeds in Illinois" or in defendants' chosen forum).

Regardless of which district hears this case, Plaintiff's expenses will involve travel to the United States from China. Although Whaleco will likely also need to transport some witnesses from China, many of Whaleco's potential witnesses are located in Massachusetts (*see* Casaceli Decl. ¶ 6) reducing significant expense that would be imposed on Whaleco if it also needed to transport its U.S.-based employees to Illinois. None of the Third-Party Defendants are located in Illinois and would also have to travel to the U.S. in connection with this case. *Id*. ¶ 12. Therefore, this factor weighs in favor of transfer.

### 3. The Public Interest Factors Favor Transfer to D. Mass.

The relevant public interest factors to be weighed by the court include "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Weis,* 296 F. Supp. 3d 926 at 934-35. Similarly, these factors, when weighed together, favor transfer here.

### a. Less Congestion in D. Mass. Favors Transfer

Transfer is favored where the transferee district offers a less congested docket and earlier trial prospects. *Weber-Stephen*, 2016 U.S. Dist. LEXIS 140173, at *12. Cases in D. Mass. get to

trial approximately 15 months faster than those in the Northern District of Illinois.[1]  For the twelve-month period ending June 30, 2022, the median time interval for civil cases to go from filing to trial was 48.9 months in this District and 34.5 months D. Mass.  *See id.*  Compared to this District's 1,117 open intellectual property cases, D. Mass. has a total of 310 open intellectual property cases.[2]  The lower number of pending cases in D. Mass. shows less congestion there.  This weighs in favor of transfer.  *Weber-Stephen*, 2016 U.S. Dist. LEXIS 140173, at *12.

### b.    The Local and Community Interests in Resolving the Controversies Favor Transfer

The local interest factor favors "localized controversies decided at home," considering the factual connection a case has with the transferee and transferor venues.  *Oplus Techs. v. Sears Holding Corp.*, No. 11-cv-8539, 2012 U.S. Dist. LEXIS 83597, at *20 (N.D. Ill. June 15, 2012).  "The interest in having the accusations of wrongdoing by defendant's employees adjudicated locally by their peers is strong."  *Faxel v. Wilderness Hotel & Resort, Inc.*, No. 19 C 4649, 2019 U.S. Dist. LEXIS 207072, at *19-20 (N.D. Ill. Dec. 2, 2019).

This case has a far greater factual connection to D. Mass. than to this District, so it should be decided by a Massachusetts jury instead of an Illinois jury with no connection to where the alleged infringement occurred.  Neither Plaintiff nor Whaleco or the Third-Party Defendants have any significant connection to this District.  Indeed, Plaintiff has no known connection to this District, other than filing this suit.  Conversely, the ties to Massachusetts, both factually through the events underlying Plaintiff's allegations, and physically through Whaleco's physical presence and witnesses, are undeniably strong.  *See, e.g.*, Casaceli Decl. ¶¶ 3-10.

---

[1]    *See* United States Courts, Comparison of Districts, (June 30, 2022), https://www.uscourts.gov/sites/default/files/fcms_na_distcomparison0630.2022_0.pdf.

[2]    *See* Westlaw Edge Docket Analytics, *United States District Court, N.D. Illinois*, https://1.next.westlaw.com/Analytics/ (last visited Oct. 31, 2023); Westlaw Edge Docket Analytics, *United States District Court, D. Massachusetts*, https://1.next.westlaw.com/Analytics/ (last visited Oct. 31, 2023).

That Plaintiff attempts to point to a single sale and possible consumer confusion in Illinois is irrelevant. The Temu marketplace is nationwide and does not specifically target Illinois. *See Id*. ¶ 5. Therefore, these allegations are insufficient to prevent transfer. *H.B. Sherman Mfg. Co.,* 979 F. Supp. at 630; *Anchor Wall Sys., Inc. v. R & D Concrete Prods., Inc.*, 55 F. Supp. 2d 871, 874 (N.D. Ill. 1999*)*. And, as noted above, Plaintiff's choice to file suit in this District is not entitled to any weight where, as here, Defendant seeks to transfer to the D. Mass. where it maintains its principal place of business, and which is home to Whaleco's evidence and witnesses. *Weis v. Kimsaprincess Inc.*, 296 F. Supp. 3d 926, 930 (N.D. Ill. 2017); *Braddock,* 2012 U.S. Dist. LEXIS 83598 at *3-*4 (N.D. Ill. June 15, 2012) (giving less weight to plaintiff's choice of Illinois as a forum because plaintiff did not reside in Illinois and the majority of material events did not occur there).

### c.    Familiarity With Governing Law Is Neutral

That Plaintiff brings claims under the Lanham Act, Copyright Act, and Illinois law does not favor or disfavor transfer. Both this District and D. Mass. are familiar with and equally competent to hear the federal claims. Further, D. Mass. is also competent to hear Plaintiff's state law claims, as "federal judges routinely apply the law of the State other than the State in which they sit." *Restoration Hardware, Inc. v. Haynes Furniture Co.*, No. 16 C 10665, 2017 U.S. Dist. LEXIS 75318, at *13 (N.D. Ill. May 17, 2017).

## V.    CONCLUSION

Because this case should have been brought in the District of Massachusetts and both the private and public interest factors strongly favor transfer, Whaleco respectfully requests that the Court transfer this case to the United States District Court for the District of Massachusetts.

Dated:  October 31, 2023

Respectfully submitted,

By:  _/s/ Thomas M. Cull_

Matthew R. Devine (Illinois Bar No. 6282744)
Thomas M. Cull (Illinois Bar No. 6331606)
White & Case LLP
111 S. Wacker Dr.
Suite 5100
Chicago, IL 60606
(773) 330-9427
Matthew.Devine@whitecase.com
Thomas.Cull@whitecase.com

Anna Naydonov (*pro hac vice* forthcoming)
White & Case LLP
701 Thirteenth Street, NW
Washington, DC 20005
(202) 626-3600
Anna.Naydonov@whitecase.com

Rosie Norwood-Kelly (*pro hac vice* forthcoming)
White & Case LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 819-8200
Rosie.Norwood-Kelly@whitecase.com

*Counsel for Defendant Whaleco, Inc.*

## **CERTIFICATE OF CONFERRAL**

We hereby certify that counsel for the movant have conferred with Plaintiff's counsel in a good faith effort to resolve the dispute, but no resolution has been reached.

*/s/ Thomas M. Cull*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on October 31, 2023, I electronically filed this document with the Clerk of Court via the Court's CM/ECF system, which will send notification of such filing to all counsel of record, all of whom have consented to electronic service in this action.

*/s/ Thomas M. Cull*